IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEBBIE COFFEY
912 N. Sweetzer Ave. Apt. D
West Hollywood, CA 90069

Plaintiff,

v.

BUREAU OF LAND MANAGEMENT
1849 C Street, N.W.
Washington, DC 20240

Defendant.

) Case Number: 16-cv-653

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## I. INTRODUCTION

1. Plaintiff Debbie Coffey ("Plaintiff") hereby brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Bureau of Land Management ("BLM") in failing to provide Plaintiff with all non-exempt records responsive to her FOIA request sent to the BLM April 27, 2015 seeking agency records involving Defendant's Wild Horse and Burro Program, specifically emails to and from Sally Spencer, Marketing Specialist for Defendant, from January 1, 2005 until the records are produced.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Debbie Coffey, is an individual who, at all times relevant herein, has resided in West Hollywood, California, which is located in Los Angeles County, California.

5. Defendant Bureau of Land Management is a federal agency of the United States,and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for

responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA 5 U.S.C. § 552(a)(4)(A)(viii) states "An agency shall not assess search fees (or in the case of a requester described under clause (ii)(II), duplication fees) under this subparagraph if the agency fails to comply with any time limit under paragraph (6), if no unusual or exceptional circumstances (as those terms are defined for purposes of paragraphs (6)(B) and (C), respectively) apply to the processing of the request".

10. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

11. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

12. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

13. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS FOR PLAINTIFF'S FOIA REQUEST CLAIM

14. On or about April 27, 2015, Plaintiff sent a FOIA request to the Bureau of Land Management, via that agency's online FOIA request web site portal, seeking agency records involving Defendant's Wild Horse and Burro Program, specifically emails to and from Sally J. Spencer and others in their capacity as Marketing Specialist, Supervisory Marketing Specialist, or Outreach Specialist.

15. On or about April 28, 2015, Wendy Schumacher, FOIA Specialist for the BLM's Washington Office in Washington D.C., ("Ms. Schumacher"), sent an email to Plaintiff, and informed her that Ms. Keiosha Alexander was assigned as the FOIA Specialist assigned to this matter and stated that this records request had been assigned as tracking number 2015-00579.

16. On or about May 26, 2015 Ms. Schumacher emailed Plaintiff a letter, dated May 26, 2015 signed by Theresa R. Coleman, Chief of the Division of IRM Governance,

which denied Plaintiff's request for a waiver of search fees and requested Plaintiff pay $2,440.00 to obtain the records.

17. On or about May 29, 2016 Plaintiff sent an email to Ms. Schumacher stating the Plaintiff would send the $2,440.00.

18. On or about June 1, 2015 Plaintiff sent, via U.S. Postal Service First Class Mail, to Defendant's Washington Office, a check for $2,440.00, made payable to the U.S. Treasury.

19. On or about July 10, 2015 Plaintiff emailed Ms. Schumacher informing her that another BLM who may have worked in marketing and special sales is Sharon Kipping.

20. On or about September 21, 2015, Plaintiff emailed Ms. Schumacher asking for an update on the status of FOIA 2015-00579.

21. On or about September 21, 2015 Ms. Schumacher stated that the "BLM FOIA Office processes requests on a first in/first out basis."

22. On or about September 30, 2015 Theresa R. Coleman, Chief of the IRM Governance, wrote Plaintiff a letter, indicating that Defendant would be providing 671 pages, of which 240 pages were "partially withheld". The letter indicated that Plaintiff had a right to appeal the decision.

23. On or about November 9, 2015 Plaintiff provided a three page letter and

appealed the decision of Ms. Coleman to the United States Department of the Interior FOIA Appeals Officer.

24. On or about November 9, 2015 pursuant to FOIA 5 U.S.C.§552(a)(4)(A)(viii), Plaintiff requested a refund of $2,440.00 previously paid as search fees.

25. On or about November 10, 2015 Darrell R. Strayhorn, FOIA & Privacy Act Appeals Officer for the Department of the Interior, wrote Plaintiff an email, asking her to provide copies of all correspondence between her and the bureau concerning the FOIA request.

26. On or about November 11, 2015 Plaintiff provided a complete administrative record consisting of all correspondence between Plaintiff and Defendant to Mr. Strayhorn.

27. On or about December 31, 2015 Plaintiff wrote an email to the FOIA Appeals Office stating that she did not receive a decision asking "when might I receive a decision?"

## VII. CLAIM FOR RELIEF

### Violation of FOIA

28. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 27 previously set forth herein.

29. Plaintiff is directly and adversely affected and aggrieved by Defendant's

failure to provide all responsive records to her FOIA request described above

30. Pursuant to FOIA 5 U.S.C.§552(a)(4)(A)(viii), Plaintiff is directly and adversely affected and aggrieved by Defendant'sfailure to return $2,440.00 Plaintiff paid to the U.S. Treasury

31. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

32. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1. Declare Defendant Bureau of Land Management has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to her April 27, 2015 FOIA request, and by failing to perform an adequate search for responsive records to this FOIA request.

2. Pursuant to FOIA 5 U.S.C.§552(a)(4)(A)(viii), declare Defendant Bureau of Land Management has violated FOIA by failing to return $2,440.00 in fees unlawfully assessed.

3. Direct by injunction that Defendant BLM to provide Plaintiff with all non-exempt responsive records to Plaintiff's April 29, 2015 FOIA request.

5. Pursuant to FOIA 5 U.S.C.§552(a)(4)(A)(viii), direct by injunction that Defendant Bureau of Land Management to provide plaintiff $2,440.00 in funds that have been paid but unlawfully assessed.

4. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as

/

/

/

/

/

/

/

/

/

/

/

/

/

/

provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

6. Provide such other relief as the Court deems just and proper.

DATED: This 7th day of April, 2016.

Respectfully submitted,

/s/

Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
Lead Counsel for Plaintiff

C. Peter Sorenson (438089)
SORENSON LAW OFFICE
P.O. Box 10836
Eugene, Oregon 97440
(541)606-9173
petesorenson@gmail.com
Counsel for Plaintiff